UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 06-289 (RMC) |
| v. : | |
| : | |
| CARLOS MILLER : | |
| : | |
| Defendant, : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S BOND REVIEW MOTION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its opposition to defendant's motion for bond review. As grounds for its opposition, the government states the following:

PROCEDURAL BACKGROUND

The defendant is currently being charged by indictment with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); unlawful possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Defendant made his initial appearance before Magistrate Judge John Facciola on September 5, 2006. At that time, the government asked that defendant be held without bond pending a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(C). The court granted the government's motion and a detention hearing was set for September 15, 2006. On September 15, 2006, after a hearing was held, and a finding of probable cause was made by the court, the government moved for defendant's detention pending trial under 18 U.S.C. § 3142(e), arguing that a rebuttable presumption now existed that there was no condition or combination of conditions that would reasonably assure the appearance of the defendant as

required, and the safety of any person and the community. At that time, counsel for the defendant raised no objection to the government's motion that defendant be held without bond, as counsel anticipated that a parole warrant would be issued against the defendant which would serve as a detainer against him. Accordingly, the court held defendant without bond pending his trial. Counsel for the defendant at this time asks the Court to reconsider the issue of pretrial detention, claiming that defendant is not a flight risk. See Defendant's Bond Review Motion, at 1-2. Defendant's motion is without merit.

## ARGUMENT

Pursuant to 18 U.S.C. § 3142(e), a rebuttable presumption is established "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the [court] finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)." In the instant case, Magistrate Judge Facciola found probable cause that the defendant committed a violation under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), an offense which carries a penalty of up to 20 years' imprisonment. Thus, a rebuttable presumption exists that the defendant is a danger to the community and/or a flight risk.

At the outset, it should be noted that the defendant, in his motion, fails to even address, let alone argue to the contrary, the statutory presumption that the defendant is a danger to the community in this case. Therefore, this Court should find that the defendant has conceded that the presumption of dangerousness cannot be overcome here and detain him pending trial. That aside, in his motion, defendant's only assertion is that he is not a flight risk and, in support thereof, claims

that he "has been a lifelong resident of the Metropolitan area and has substantial ties to the community," that he "reports to court as required and as far as counsel is aware . . . has never failed to appear in court," and that he "is married and lives with his wife." Defendant's Motion, at 1-2. These arguments are unavailing. Indeed, it should be no surprise that the defendant fails to seek to overcome the presumption that he is a danger to the community. Defendant has a long criminal history, which includes convictions for distribution of heroin (1997), possession of cocaine (1993), armed robbery (1981), attempted robbery (1978), and assault with a dangerous weapon (1977). In addition, as noted above, defendant is presently on parole for his prior armed robbery conviction. Further, significantly, as a result of these convictions, the defendant is subject to greater penalties as both a career offender and, in relation to his charge under 18 U.S.C. § 922(g), an armed career offender. See 18 U.S.C. § 924(e); see also United States Sentencing Commission Sentencing Guidelines, §§ 4B1.1, 4B1.4.

Moreover, the evidence in this case is substantial and belies any notion that defendant is neither a danger to the community nor a flight risk. On September 1, 2006, at approximately 8:44 a.m., members of Metropolitan Police Department's Narcotics and Special Investigations Division executed a District of Columbia Superior Court-ordered search warrant at 857 21st Street, N.E., Apt. #1, Washington, D.C., where defendant lived with his wife. Upon searching the one-bedroom apartment, police located in the dining room, inside the bottom drawer of a clear, two-drawer storage container, 118 small ziplock bags of heroin, a larger ziplock bag containing 22 grams of heroin, and 6 additional small blue ziplocks of heroin, as well as numerous razor blades and a digital scale. Also recovered from the same storage container were numerous empty small ziplocks, which matched those containing suspected heroin, rubber bands, and a photo identification and assorted mail matter belonging to the defendant. In addition, on top of the storage container police located a brown paper

bag containing numerous additional small empty ziplocks, which also matched the ziplocks in which the heroin was packaged.

Furthermore, in the defendant's bedroom police officers found a .38 caliber Derringer handgun loaded with 2 rounds of .38 ammunition, located inside a laundry basket on the floor next to the bed, an additional two rounds of .38 caliber ammunition, recovered from inside a dresser drawer; and a $5,000, located inside a sock in a bed-side drawer. Following his arrest, defendant admitted to police that the contraband found in his home by police belonged to him.

Given the serious nature of the present charges, and defendant's prior criminal record, which includes his current status on parole for a violent offense, there can be no question that defendant is a danger to the community. Further, while defendant claims that he is not a flight risk in this case, the exposure that the defendant faces as a result of these charges, including a possible mandatory minimum sentence of 15 years for a conviction under 18 U.S.C. § 922(g) as an armed career offender, makes it a substantial possibility that defendant will not appear for court as required. As the defendant cannot overcome the statutory presumptions that he is both a danger to the community and a flight risk, defendant should remain detained in this case pending trial.

WHEREFORE, the government respectfully requests that the defendant's motion for bond review be denied and the defendant continue to be held without bond pending trial.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By: _____
Donnell W. Turner
Assistant United States Attorney
Maryland Bar
United States Attorney's Office
555 Fourth Street, N.W., Room 4235
Washington, D.C. 20530
(202) 305-1419

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 06-289 (RMC)** |
| v. | : | |
| | : | |
| **CARLOS MILLER** | : | |
| | : | |
| **Defendant,** | : | |

**ORDER**

Upon consideration of the defendant's Motion for Bond Review and the Government's Opposition thereto, it is this _____ day of _____, 2006, hereby

**ORDERED** that the defendant's Motion for Bond Review be and the same is **DENIED**.

_____
ROSEMARY M. COLLYER
United States District Judge

Copies to:
AUSA Donnell W. Turner
Douglas J. Wood, Esq.