UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CARLOS MILLER )<br>)<br>          **Defendant.** )<br>_____ ) | CRIMINAL NO. 06-289 (RMC) |

### GOVERNMENT'S NOTICE REGARDING RULE 609 EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Notice Regarding Rule 609 Evidence. This Notice serves to inform the Court and Defendant, Carlos Miller, of Defendant's criminal history and the Government's intention to use Defendant's convictions in accordance with the Federal Rules of Evidence to impeach the defendant should he testify in this case. In support of this Notice, the Government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter.

### BACKGROUND

Defendant is charged in a three-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Using, Carrying and Possessing A Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). In 1981, Defendant was convicted in the Superior Court of the District of Columbia of Armed

Robbery in case number 1981-FEL-001425. Also, in 1999, Defendant was convicted in the same court of Distribution of Heroin in case number 1997-FEL-002881.

## ARGUMENT

Federal Rule of Evidence 609(a)(1) provides that convictions punishable by imprisonment in excess of one year "shall be admitted" to attack the credibility of a defendant in a criminal case, "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). The district court also "has discretion to determine when to inquire into the facts and circumstances underlying a prior conviction and how extensive and inquiry into conduct." *United States v. Lipscomb*, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (*en banc*).

In the instant case, Defendant's 1981 conviction for armed robbery, and his 1999 conviction for distribution of heroin, both which carry maximum statutory penalties of thirty years' incarceration, should be admitted under Rule 609(b) should he choose to testify. In evaluating whether the probative value of defendant's convictions outweighs their prejudicial effect, the trial court should begin with the premise, articulated by the *en banc* D.C. Circuit, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. *Lipscomb*, 702 F.2d at 1062.[1] "Courts should

---

[1] Although Defendant's 1981 armed robbery conviction is more than twenty years old, and thus, the conviction itself is in excess of the ten-year time limit referred to in Rule 609(b), Defendant's parole was revoked on April 4, 1997. Further, on December 1, 1997, he was re-sentenced for that offense to a term of incarceration of nineteen years, one month, and nine days, and was released from incarceration on July 8, 2002. Consequently, the ten-year time limit in Rule 609(b) is not applicable. *See United States v. Gray*, 852 F.2d 136, 139 (4th Cir. 1988) (holding that seventeen-year-old bank robbery conviction was admissible for impeachment where, as a result of a parole violation, defendant's confinement came within Rule 609(b)'s ten-
(continued...)

be reluctant to exclude otherwise admissible evidence that would permit an accuser to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary. *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In *Lewis*, the defendant was charged, among other things, with distribution of phenmetrazine. *Id.* at 943. After taking the stand, he was impeached with evidence that he had been convicted several years before for drug distribution. *Id*. at 947. The court held that there was no error in admitting evidence of the defendant's prior conviction. *Id.* at 951. Further, as to the fact that the defendant's prior conviction and the offense for which he was on trial were both drug offenses, the court noted that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and also explained that in such circumstances a limiting instruction should be given to the jury. *Id*. at 950.[2]

Finally, inasmuch as every impeachment by prior conviction involves some prejudice to a defendant, that prejudice by itself should not preclude the Government's impeachment of Defendant in this case. *Cf. Lipscomb*, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not *if*, but how much") (emphasis in original).

---

[1/](...continued) year period); *United States v. McClintock*, 748 F.2d 1278 (9th Cir. 1984) (holding that a probation violation that caused incarceration within ten years from the date of prosecution was confinement for the original conviction within the meaning of Rule 609(b)).

[2/] To be sure, the court in *Lewis* acknowledged that in a narcotics prosecution a prior narcotics conviction carries more prejudice, and it noted that in this case the evidence of the conviction carried more probative value where the defendant had testified that he was not knowledgeable about drug transactions. *Id*. at 951. Nonetheless, as the Court of Appeals noted *en banc*, the court's "analysis did not treat this [additional] reason as critical" in admitting the conviction under the Rule 609 balancing test. *Lipscomb*, 702 F.2d at 1058, n.35.

Should the defendant testify in this case, his credibility will be a central issue for the jury. The probative value of his prior conviction in assessing his credibility clearly outweighs whatever prejudice there may be to the defendant, particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Government respectfully notifies the Court and Defendant of its intention to impeach Defendant with the prior conviction set forth above should he choose to testify.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610


By:     ___"/s/"_____
        Donnell W. Turner
        Assistant United States Attorney
        Maryland Bar
        U.S. Attorney's Office
        555 4th Street, N.W., Rm. 4235
        Washington, D.C. 20530
        (202) 305-1419


### Certificate of Service

I hereby certify that a copy of the Government's Notion Regarding Rule 609 Evidence was served by first class mail upon counsel of record for the defendant, Douglas Wood, Esq., at 6801 Kenilworth Ave., Suite 202, Riverdale, MD 20737, this 28th day of November, 2006.

        ___"/s/"_____
        Donnell W. Turner
        Assistant United States Attorney