UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>CARLOS MILLER   )<br>)<br>**Defendant.**   )<br>_____ ) | CRIMINAL NO.  06-289 (RMC) |

**UNITED STATES' MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct, which is relevant to prove defendant's intent, knowledge, motive, plan, preparation, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") .  In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter.

**FACTUAL BACKGROUND**

Defendant Carlos Miller is charged in a three-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Using, Carrying and Possessing A Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).  On September 1, 2006, at approximately 8:44 a.m., members of Metropolitan Police Department's Narcotics and Special Investigations Division executed a District of Columbia Superior Court-ordered search warrant at 857 21st Street, N.E., Apt. #1, Washington, D.C., where

Defendant lived with his wife.  Upon searching the one-bedroom apartment, police located in the dining room, inside the bottom drawer of a clear, two-drawer storage container, 118 small ziplock bags of heroin, a larger ziplock bag containing 22 grams of heroin, and an additional 6 small blue ziplocks containing heroin, as well as numerous razor blades and a digital scale.  Also recovered within, and on top of, the same storage container, were numerous empty small ziplocks, which matched those containing the suspected heroin, and rubber bands.  Finally, a photo identification and assorted mail matter belonging to Defendant was recovered from inside the container.

Police also searched the apartment's only bedroom and found a .38 caliber Derringer handgun loaded with 2 rounds of .38 ammunition, located inside a laundry basket on the floor next to the bed; two additional rounds of .38 caliber ammunition, recovered from inside a dresser drawer; and $5,000 in cash, located inside a sock in a bed-side drawer.  They also searched the kitchen and located a bottle of quinine inside a kitchen cabinet.  Following his arrest, Defendant provided a written statement to police in which he wrote that "anything illegal" that police found inside his apartment belonged to him.  A subsequent chemical analysis of the suspected heroin located by police in Defendant's apartment confirmed that the substances were in fact heroin, and that the total amount recovered by police was 39.4 grams.

## OTHER CRIMES BY DEFENDANT

The Government seeks to introduce the facts and circumstances surrounding Defendant's prior convictions, for possession of cocaine on January 21, 1994, in case number 1993FEL002708, and for distribution of heroin on three occasions in 1997, relating to case number 1997FEL002881.

Regarding the defendant's 1994 conviction for possession of cocaine, on March 18, 1993, members of Metropolitan Police Department were working in an undercover capacity, posing as drug purchasers, when they met with Defendant Miller's co-defendant, Anthony Fogle, and engaged him in a brief discussion about the purchase of crack cocaine. During the conversation, the undercover officer handed co-defendant Fogle $50 pre-recorded Metropolitan Police Department funds, who then approached Defendant Miller and handed the money to him. In exchange, Defendant handed co-defendant Fogle several small, unknown objects, at which point co-defendant Fogle returned to the undercover officer and led the officer into a nearby building. Once inside the building, co-defendant Fogle produced five small ziplocks containing heroin. The officer chose three of the five bags and left the area. A short time later, a lookout was broadcast for Defendant and co-defendant Fogle. Within minutes, both subjects were stopped and detained in the 1400 block of Saratoga Ave., N.E. Upon his arrest, police located $40 of Metropolitan Police Department's pre-recorded funds and seven additional ziplocks of crack cocaine on Defendant's person.

In case number 1997FEL002881, the defendant was charged in a three-count indictment with three separate counts of distribution of heroin. Firstly, on March 12, 1997, members of Metropolitan Police Department were working in an undercover capacity when they entered an apartment building at 2500 14th Street, N.E., Washington, D.C., in order to purchase narcotics. Upon entering the hallway of the building, they met with Defendant Miller and engaged him in a conversation about the purchase of drugs. Defendant eventually agreed to sell one of the officers ten small ziplocks of heroin, in exchange for $80.00 U.S. currency. After the officer gave Defendant the money, defendant retreated inside of Apt. # 1, returned a few moments later, and

handed the undercover officer ten ziplocks of heroin. Defendant was not arrested at this time, due to an ongoing investigation.

Secondly, on March 13, 1997, undercover officers drove to the 2500 block of 14th Street, N.E., in order to purchase drugs. As they walked towards the apartment building bearing that address, Defendant exited the building, met with the officers, and, after Defendant and the officers had walked back into the building together, Defendant agreed to sell to one of the officers a quantity of heroin. In exchange for $40 U.S. currency, Defendant gave the officer four small ziplocks of heroin.[1] During the transaction, police observed that Defendant kept his drugs inside an "EXIT" sign that was posted near the entrance of the apartment building.

Finally, on April 3, 1997, Metropolitan Police Department officers set up a buy-bust operation in the 700 block of Water Street, S.W., Washington, D.C. Shortly after 1:00 p.m., Defendant arrived at a pre-arranged meeting, in order to sell heroin to an undercover officer in exchange for $220 U.S. currency and a 9mm handgun. Once he made contact with the undercover officer, Defendant handed the officer fifty small ziplocks of heroin. In return, the officer handed Defendant $220 in pre-recorded Metropolitan Police Department funds. After the undercover officer left the area in order to retrieve the 9mm gun, the arrest team moved in and detained Defendant, then he was placed under arrest after being positively identified by the undercover officer. All of the drugs sold by Defendant to undercover police were chemically tested and found to be heroin.

---

[1] The Government will provide discovery to the defense in these cases at a later date.

**LEGAL ANALYSIS AND ARGUMENT**

This Court should admit evidence of Defendant's other crimes and bad acts, as described in the cases discussed above. Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." *Id*. at 929. As the Court of Appeals has noted *en banc*, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." *Id*. at 1202. As the Court stated in *United States v. Cassell*, 292 F.3d 788, 795 (D.C. Cir. 2002), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), '*any* purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character.'" (citing *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990)) (emphasis in original).

Such evidence is of course subject like all evidence to the strictures of Rule 403. *Cassell*, 292 F.3d at 793. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and, if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. *United States v. Moore*,

732 F.2d 983, 987 (D.C. Cir. 1984). As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" – even when other crimes evidence is involved. *Moore,* 732 F.2d at 989. *See Huddleston v. United States*, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence.").[2]

In the instant case, the government must prove that Defendant knowingly and intentionally possessed the drugs, ammunition, and gun that were ultimately recovered from his residence. "This means consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently." Criminal Jury Instructions (the "Red Book"), Instruction 4.28. The jury will be instructed that "[m]ere presence near something or mere knowledge of its location is not enough to show possession." Red Book, Instruction 3.08. The jury will further be instructed that the government must prove the defendant's specific state of mind with respect to these drugs, that is, that he intended to *possess* them. Red Book, Instruction 4.28. Moreover, the jury will be instructed that the government must prove that when the defendant possessed the controlled substance, he had the specific intent to distribute it, and that "distribute" means to transfer or

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is *not* required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court *neither* weighs credibility *nor* makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." *Huddleston*, 485 U.S. at 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." *Id*. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. *Id.*

attempt to transfer to another person. Red Book, Instruction 4.29. Therefore, the government's burden of proving intentional possession, intent to distribute, and lack of mistake or accident, is substantial. Each of these elements is directly addressed by the proffered evidence.

"As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, *especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct*." *United States v. Clarke*, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing *Huddleston*, 485 U.S. at 685) (emphasis added in *Clarke*). Indeed, the Rule 404(b) evidence the government seeks to admit at trial, *i.e.*, prior possession to prove knowledge, intent, and absence of mistake regarding current possession, is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past. For example, in *Crowder*, 141 F.3d at 1202, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive. The Court in *Crowder* stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth. Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" – thus may be a "brick" in the "wall" of evidence needed to prove possession. *See* Fed.R.Evid. 401, advisory committee notes.

*Id.* at 1209 n. 5. The government seeks to do nothing more in the instant case – *i.e.*, to show the defendant's intent, knowledge, motive, plan, opportunity and absence of mistake with respect to the drugs and gun he possessed.

All of the "other crimes" evidence described above is highly probative of the defendant's knowing and intentional possession of the drugs, gun, and ammunition in this case. Moreover, this evidence is also probative in showing that the defendant's possession of the drugs, gun, and

7

ammunition were not the result of mistake or accident. In addition, this evidence is relevant to the defendant's intent to distribute the drugs in the instant case. The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

Numerous cases in this Circuit demonstrate that evidence of a prior or subsequent possession of drugs or firearms is admissible as 404(b) evidence. *See, e.g., Cassell*, 292 F.3d at 793 ("We have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged'") (citation omitted); *Bowie*, 232 F.3d at 930 (evidence that defendant "possessed and passed counterfeit notes on a prior occasion" relevant because "it decreased the likelihood that [he] accidentally or innocently possessed the counterfeit notes"). *United States v. Toms*, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); *United States v. Latney*, 108 F.3d 1446, 1448 (D.C. Cir.) (evidence of defendant's other possession of crack admissible in trial charging aiding and abetting distribution of crack), *cert. denied*, 522 U.S. 940 (1997); *Clarke*, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); *United States v. Washington*, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992) (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was

admissible to demonstrate intent, knowledge, plan and absence of mistake), *cert. denied*, 507 U.S. 922 (1993); *United States v. Harrison*, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); and *United States v. Johnson*, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess drugs), *cert. denied*, 514 U.S. 1041 (1995).

In *Cassell*, officers of the Metropolitan Police Department executed a search warrant at the home of the defendant's uncle, with whom he had been living, and found a firearm in the defendant's room. 292 F.3d at 790. The district court admitted evidence that the defendant had been convicted several years before of gun possession, and that a few weeks before the search, the police found another gun that fell from the rear bumper of his car while it was being towed. *Id*. Concluding that the evidence that the defendant previously possessed weapons was properly admitted by the district court, the D.C. Circuit reasoned that such evidence "tend[ed] to make it less probable that the weapons recovered from his bedroom were there without his knowledge, without intent, or by accident or mistake." *Id*. at 796 (citation omitted).

In *United States v. Garner*, 396 F.3d 438, 443 (D.C. Cir. 2005), the Court of Appeals reiterated that the admission of Rule 404(b) evidence is appropriate where the charged offense is based on a theory of constructive possession, particularly, as in this case, "where the contraband is discovered in a place occupied by more than one person." (citing *United States v. Jenkins*, 981 F.2d 1283 (D.C. Cir. 1991)). In *Garner*, the officers stopped a vehicle occupied by two individuals. The officers approached the car and ordered its occupants to raise their hands. The driver complied but Garner, the passenger, did not; rather, he sat staring straight ahead and

smoking a cigarette, while he kept his left hand in his waistband. *Id.* at 439. At one point, Garner was observed by one officer removing a large handgun from his waistband and placing it under the passenger seat. Both defendants were removed from the vehicle and the car was subsequently searched. Underneath the front passenger seat police found a semi-automatic handgun. *Id.* On the gun were found three latent fingerprints, only one of which was useful, and it was matched to the driver's fingerprint. *Id.* at 439-440. Notwithstanding, Garner, among other charges, was charged as a felon-in-possession of a firearm. Proceeding with the theory that a jury could have concluded that Garner constructively possessed the gun recovered under his seat, the government introduced evidence that Garner previously was found in the front passenger seat of a car with a handgun under his seat and a matching ammunition clip in his jacket. *Id.* at 444. In upholding the introduction of evidence concerning Garner's prior conviction for carrying a pistol without a license, the Court of Appeals reasoned that the testimony "made it more likely that Garner was in knowing possession of the loaded gun found beneath his seat[,] just as in *Crowder*[,] evidence that the appellant had previously sold cocaine base made it more probable that he knowingly possessed and intended to distribute the cocaine base found in the brown paper bag he discarded while running from police officers." *Id.* (citations omitted).

  Likewise, the gun and drugs here were found in the defendant's apartment, while the apartment was occupied by three individuals, none of whom were in actual, physical possession of the contraband. In fact, the defendant was not even present at the time the police entered and searched the apartment. Evidence of the defendant's prior drug convictions thus should be admitted to prove that the defendant's possession was knowing and intentional, and not simply the product of any mistake or accident. Furthermore, the prior misconduct should be admitted to

prove that the defendant intended to distribute the heroin recovered during the search. *See Crowder*, 141 F.3d at 1209 (finding that it was more probable with the evidence of defendant's subsequent arrest for distribution of crack cocaine than without it knowingly possessed the crack cocaine recovered from the brown paper bag that he discarded while running from the police; further, it was more probable with the evidence than without it that defendant intended to distribute the crack cocaine in the brown paper bag).

As noted above, the Government here maintains that the defendant constructively possessed the drugs and drug paraphernalia, and the gun and ammunition found in his apartment by police. Because the government is proceeding on a constructive possession theory, *United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004), does not apply, and Rule 404(b) evidence would be admissible under the *Cassell-Garner* line of cases, discussed *supra*.

Finally, to be sure, the facts and circumstances surrounding Defendant's indictment and subsequent conviction for distribution of heroin are more than nine years old, and his conviction for possession of cocaine is more than thirteen years old. However, "[p]roximity in time is but one factor in determining the relevance of a prior drug conviction, but the standard is reasonableness, not an absolute number of years." *United States v. Love*, 419 F.3d 825, 828 (8th Cir. 2005) (citation omitted). Thus, the ages of the prior bad acts do not preclude their use under Rule 404(b). *See United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996) (under Rule 404(b), "the age of the prior conviction does not bar its use"). Indeed, a number of circuits have admitted prior convictions of similar age to defendant's prior convictions, pursuant to Rule 404(b). *See, e.g.*, *Love*, 419 F.3d at 828 (affirming admission of the defendant's three drug convictions, the oldest of which was more than twenty years old; such evidence helped to prove

both knowledge and intent in defendant's subsequent prosecution for possession with intent to distribute cocaine base, since defendant denied wrongdoing); *United States v. Vo*, 413 F.3d 1010, 1018-19 (9th Cir.) (upholding admission of thirteen-year old drug conviction to show knowledge), *cert. denied*, 126 S. Ct. 875 (2005); *United States v. Walker*, 410 F.3d 754, 757-59 (5th Cir.) (in 2003 drug prosecution, holding that 1987 drug convictions were admissible to show intent), *cert. denied*, 126 S. Ct. 633 (2005); *United States v. Terry*, 702 F.2d 299, 316 (2d Cir. 1983) (holding that twenty-year old drug conviction would have been admissible as bearing on knowledge and intent); *see also United States v. Spillone*, 879 F.2d 519 (9th Cir. 1989) ("Depending upon the theory of admissibility and the similarity of the acts . . . some remote acts may be extremely probative and relevant."), and *United States v. Bryson*, 110 F.3d 575, 583 (8th Cir. 1997) (stating that the court applies "a reasonableness standard, examining the facts and circumstances of each case," in deciding whether conviction is too old to be admitted). In sum, because the evidence stemming from the defendant's previous convictions, albeit several years old, bears such a close relationship to the offenses charged here, its admission will clearly demonstrate, among other things, the defendant's specific motive, knowledge, and intent, and the absence of mistake or accident. Therefore, it should be admitted.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By:   __"/s/"_____
      Donnell W. Turner
      Assistant United States Attorney
      Maryland Bar
      U.S. Attorney's Office
      555 4th Street, N.W., Rm. 4235
      Washington, D.C. 20530
      (202) 305-1419

## Certificate of Service

I hereby certify that a copy of the Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), was served by first class mail upon counsel of record for the defendant, Douglas Wood, Esq., at 6801 Kenilworth Ave., Suite 202, Riverdale, MD 20737, this 28th day of November, 2006.

__"/s/"_____
Donnell W. Turner
Assistant United States Attorney

13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.              )<br>)<br>CARLOS MILLER          )<br>)<br>    Defendant.     )<br>_____) | CRIMINAL NO. 06-289 (RMC) |

## ORDER

Upon consideration of the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), and any opposition thereto, it is this

_____ day of _____, 2006, hereby

**ORDERED** that the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) be and the same is **GRANTED.**

_____
ROSEMARY M. COLLYER
United States District Judge

Copies to:
AUSA Donnell W. Turner
Douglas J. Wood, Esquire