IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** : | |
| : | 06-289 (RMC) |
| **v.** : | |
| : | |
| **CARLOS MILLER** | |

DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

Carlos Miller, the Defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence of alleged statements made by Mr. Miller. In support of this motion, counsel states the following:

1. Mr. Miller is charged with possession with intent to distribute herion; using, carrying, and possessing a firearm during a drug trafficking offense, and possession of a firearm by a person previously convicted of a crime punishable by imprisonment for more than one year.

2. The charge arises out of an incident which allegedly occurred on September 1, 2006.

3. According to information provided to counsel pursuant to Federal Rule Criminal Procedure 16, following his arrest on September 1, 2006, Mr. Miller provided verbal and handwritten statements.

4. According to police, Mr. Miller made a verbal statement prior to being given his Miranda rights.  Subsequent to Mr. Miller's verbal statement, the police allege he was given – and waived -- his *Miranda* rights.

5. Any statements made, were made in response to custodial questioning.

6. Mr. Miller's alleged statements were obtained in violation of his fourth amendment rights.

7. Mr. Miller's alleged statements were involuntary.

6. Mr. Miller's alleged statements were obtained in violation of his *Miranda* rights.

WHEREFORE, for the foregoing reasons and for such other reasons as may be advanced at a hearing on this motion, Mr. Miller respectfully requests that the Court suppress the use as evidence of all statements allegedly made by Mr. Miller.

Respectfully submitted,

_____
Douglas J. Wood
Counsel for Mr. Miller
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland  20737
(301) 699-0764


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Suppress Statements and attached Memorandum of Points and Authorities in Support of Defendant's Motion to Suppress Statements was delivered by mail to AUSA Donnell W. Turner, Office of the United States Attorney, 555 Fourth Street, NW, Washington, D.C. 20530, on this _____ day of _____, 2006.

_____
Douglas J. Wood

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES | : | |
| | : | 06-289 (RMC) |
| v. | : | |
| | : | |
| CARLOS MILLER | | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

I.  THE STATEMENTS ALLEGEDLY MADE BY MR. MILLER MUST BE SUPPRESSED BECAUSE THEY WERE OBTAINED IN VIOLATION OF MR. MILLER'S FIFTH AMENDMENT RIGHTS

   A.  AT THE TIME THE STATEMENTS WERE ALLEGEDLY MADE, MR. MILLER WAS IN CUSTODY AND HAD NOT VALIDLY WAIVED HIS FIFTH AMENDMENT RIGHTS

The Supreme Court has held that, "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the [Fifth Amendment] privilege against self-incrimination is jeopardized." *Miranda v. Arizona*, 384 U.S. 436, 478 (1966).  In order to protect the privilege, the Supreme Court set forth procedural safeguards.  The safeguards require that prior to custodial interrogation an individual must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id.* at 479.

Statements made in response to custodial interrogation may only be used against a defendant if the defendant has been given the *Miranda* warnings and subsequently makes a knowing and intelligent waiver of those rights *Id.*.  The government bears the burden of

demonstrating that the *Miranda* warnings were given and that the defendant has made a knowing and intelligent waiver. *Id.*.

The questioning of Mr. Miller in this case violated *Miranda*. At the time that the police allegedly obtained the statement from him, Mr. Miller was in custody and any statements made were in response to questioning by the police. *See Miranda*, *supra*, 384 U.S. at 444 ("[c]ustodial interrogation is defined as 'questioning initiated by law enforcement officers after a person had been taken into custody or otherwise deprived of his freedom in any significant way.'"); *see Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (finding functional equivalent of interrogation where police conduct likely to elicit an incriminating response).

Mr. Miller denies that she voluntarily waived his rights prior to being questioned by police.

B.    THE STATEMENTS WERE INVOLUNTARY

A defendant's statements cannot be used at trial unless the statements were the product of a rational intellect and a free will. *Mincey v. Arizona*, 437 U.S. 385, 398 (1978). Mr. Miller has a "constitutional right to . . . a fair hearing and a reliable determination of the issue of voluntariness. . . ." *Jackson v. Denno*, 378 U.S. 368, 377 (1964). At that hearing, the government bears the burden of proving, by a preponderance of the evidence, that Mr. Miller's statements were made voluntarily. *Lego v. Twomey*, 404 U.S. 477, 489 (1972).

The voluntariness of a statement "is to be judged on the totality of the circumstances" under which it is made. *Wilkerson v. United States*, 432 A.2d 730, 734

(D.C. 1981), *cert. denied,* 454 U.S. 1090 (1981).  A statement can only be deemed voluntary if "the totality of the circumstances show it to be the 'product of an essentially free and unconstrained choice by its maker.'" *Jackson v. United States*, 404 A.2d 911, 923 (D.C. 1979) (*quoting Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)).

The totality of circumstances surrounding Mr. Miller's statements rendered his alleged statements involuntary.  The statements are therefore inadmissible for all purposes, including impeachment.  *Mincey*, *supra,* at 398.

II. THE STATEMENT ALLEGEDLY MADE BY MR. MILLER MUST BE SUPPRESSED BECAUSE IT WAS OBTAINED IN VIOLATION OF MR. MILLER'S FOURTH AMENDMENT RIGHTS.

Probable cause is an essential prerequisite to a warrantless arrest. *Dunaway v. New York*, 442 U.S. 200, 213 (1979).  When the police act without the authority of a warrant, "the burden of establishing probable cause is on the United States." *Ornelas v. United States*, 116 S.Ct. 1657 (1996).  The government cannot meet their burden here.

The police officers did not have probable cause to arrest Mr. Miller.  Police reports provided to counsel pursuant to Federal Criminal Procedure Rule 16, reveal the following:
At about 8:44 a.m. on September 1, 2006, Metropolitan Police Department officers allegedly executed a search warrant at Mr. Miller's alleged home address of 857 21st Street NE, Washington D.C.  Police alleged found an amount of herion and a firearm inside the home.  While the police were at the residence, Mr. Miller allegedly called and was informed of their presence.  Mr. Miller allegedly appeared at the residence, and was immediately arrested.  After his arrest, Mr. Miller allegedly told officers that anything

illegal found inside the residence belonged to him. After allegedly waiving his Miranda rights, Mr. Miller allegedly made a similar written statement.

Mr. Miller denies the police had a lawful basis to search the residence, and he denies that he was lawfully arrested. Under the circumstances, the seizure of Mr. Miller and the search of the residence cannot be justified.

Evidence of any statements allegedly made by Mr. Miller therefore must be suppressed as the fruit of the unlawful warrantless arrest of Mr. Miller. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

## **CONCLUSION**

For the foregoing reasons and any others which may appear at a hearing on this motion, the statements allegedly obtained from Mr. Miller must be suppressed because they were obtained in violation of Mr. Miller's Fourth and Fifth Amendment rights.

                Respectfully submitted,

                _____
                Douglas J. Wood
                Roberts & Wood
                Counsel for Mr. Miller
                6801 Kenilworth Avenue, Suite 202
                Riverdale, Maryland  20737
                (301) 699-0764