IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | 06-289 (RMC) |
| v. : | |
| : | |
| CARLOS MILLER : | |

### DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE AND SUPPORTING POINTS AND AUTHORITIES

*COMES NOW*, Carlos Miller, the defendant, through undersigned counsel, and respectfully moves this court pursuant to Federal Rule Criminal Procedure 12, the Fourth and Fifth Amendments to the United States Constitution, and applicable case law, to suppress as evidence against him in the trial of this case tangible evidence seized from Mr. Miller, his alleged residence, and fruits of the arrest, search, or interrogation.  A hearing is requested on this motion.

In support of this motion, counsel states:

1. On September 1, 2006, at approximately 8:44 am, police officers executed a Superior Court search warrant at 857 21st Street, NE, Apartment 1, Washington, D.C.

2. It is alleged that Mr. Miller lives at the residence.

3. Metropolitan Police Detective Lavinia A. Quigley signed a sworn affidavit to obtain the warrant on August 24, 2006.

4. On August 24, 2006, Judge Albrecht of the Superior Court for the District of Columbia signed a warrant authorizing a search.

5. The warrant was improperly executed.  Officers from the Metropolitan Police Department executed the warrant at approximately 8:44 am on September 1,

        2006.  In violation of both the 4th Amendment and the United States District Court Code and Rules, the officers forcibly entered the house by using a battering ram, without knocking and announcing their presence and waiting for the occupants to admit them.

6. According to reports provided by the Government, the police allegedly recovered heroin, packaging, a scale, a handgun, and mail matter in Mr. Miller's name.

7. Officers impermissibly searched the person of Mr. Miller.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | 06-289 (RMC) |
| **v.** | : | |
| | : | |
| **CARLOS MILLER** | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS

A.  **LEGAL STANDARDS: THE FOURTH AMENDMENT**

The Fourth Amendment to the United States Constitution prohibits unreasonable searched and seizures. U.S. Const. Amend. 4. "[P]hysical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Payton v. New York*, 445 U.S. 573, 585 (1980). Generally, searches of private residences are unreasonable unless the search was authorized by a valid warrant. *Camara v. Municipal Court*, 387 U.S. 523, 528-29 (1967). The United States Code and the United States District Court Rules of Criminal Procedure also contain several provisions which prescribe the manner in which search warrants must be issued, executed and returned. A warrant may be challenged when it does not meet the requirements of these provisions or the underlying constitutional mandates.

C.  **THE WARRANT WAS NOT PROPERLY EXECUTED**

The execution of search warrants in the District of Columbia is governed by the Fourth Amendment to the United States Constitution, provisions of the United States Code, and the United States District Court Rules of Criminal Procedure.

   **1. Breaking and Entering to Search Was Not Justified.**

Law enforcement officers may not break and enter into premises unless they have announced their identity and purpose and have been denied entry. Evidence obtained in violation of this requirement must be suppressed. *Sabbath v. United States*, 391 U.S. 585 (1968).

The U.S. Supreme Court, in a unanimous decision, held that the knock and announce principle is part of the reasonableness inquiry under the Constitution's Fourth Amendment guarantee against unreasonable searches and seizures. *Wilson v. Arkansas*, 131 L.Ed 2d 976, 980, 115 S.Ct. 1914, 1916 (1995). The Court stated, "the reasonableness of a search of a dwelling may depend in part on whether law enforcement officers announced their presence and authority prior to entering." Id. The purpose of this rule is to protect the privacy of individuals in their homes, to protect the safety of police officers, who may be mistaken for unauthorized intruders unless they are clearly recognized as officers before they enter the house, and to prevent the needless destruction of property. See *Sabbath*, supra, at 589; *United States v. Bustamante-Gamez*, 488 F.2d 4, 9 (9th Cir. 1973), cert denied, 416 U.S. 970 (1974). Also, the rule is specifically designed to allow occupants to opportunity to respond and admit the police voluntarily.

Police officers may dispense with the requirement to wait for the occupants to admit them voluntarily only when (1) compliance would be a "mere ritual" because it is clear that they are being refused admittance or (2) there are exigent circumstances. See *United States v. Bonner*, 874 F.2d 822 (D.C. Cir. 1989 (constructive refusal of entry where officers knocked and announced twice and several seconds elapsed in between the knocks followed by a wait of 12 more seconds before forced entry).

Police may enter the premises after knocking and announcing their authority and purpose, without waiting for occupants to voluntarily open the door, if the police can reasonably infer from the actions or inactions of the occupants that they have been constructively refused admittance. "An explicit refusal of admittance or lapse of a significant amount of time is necessary if the officers have no facts indicating exigency." *United States v. Bustamante-Gamez*, 488 F.2d at 12.

The police must have reasonable grounds to believe that the occupants have constructively refused them entry. See *United States v. Sinclair*, 742 F.Supp 688 (D.D.C. 1990) (wait of one to two seconds after knock and announce is insufficient time in which to establish constructive refusal even though officers heard movement).

Police may also enter after knocking and announcing, without waiting for occupants to voluntarily open the door, if they have specific reasonable grounds to believe that there are exigent circumstances, such as evidence in imminent danger of destruction or an imminent danger to police officers. Where the government alleges that exigent circumstances excused compliance with the statute, that claim must be supported by specific evidence particular to the facts of the individual case.

The government has the burden of proving that an exception existed to justify their failure to abide by the procedures required by the knock and announce law.

In the present case, police officers failed to abide by the knock and announce rule when they forcibly entered Mr. Miller's home to execute the warrant. Evidence at the hearing will demonstrate that there was no constructive refusal to admit the police officers because the occupants had no opportunity to either admit the police or refuse to admit them. The evidence will also demonstrate that there were no exigent

circumstances that could justify the officers' failure to comply with the requirements of the statute.

In the present case, there is no indication that the police had specific reasons to believe anyone had warned the occupants that the police were approaching or that anyone inside was destroying evidence. There is also no evidence to suggest that the officers believed that they were in danger.

Because the police did not comply with the statutory and constitutional mandate to knock and announce their purpose and wait to be voluntarily admitted, and because the entry was unreasonable, all evidence seized as a result of the search must be suppressed. See *Miller*, 357 U.S. at 313-314.

### III.  CONCLUSION

Because the search warrant and the subsequent search violated both the Fourth Amendment and the U.S. Code, the evidence recovered must be suppressed at the trial of this case.

Respectfully submitted,

_____
Douglas J. Wood
Counsel for Mr. Miller
Roberts & Wood
6801 Kenilworth Ave
Suite 202
Riverdale, MD 20737
(301) 699-0764

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was sent via facsimile and first class mail to AUSA Donnell Turner, Office of the U.S. Attorney, 555 4th Street, NW, Washington, DC, 20530, on this _____ day of _____, 2006.

Respectfully submitted,

_____
Douglas J. Wood