UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-289 (RMC) |
| | ) | |
| CARLOS MILLER | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO SUPPRESS TANGIBLE EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to Defendant's Motion to Suppress Tangible Evidence ("Defendant's Mot."). In support of this opposition, the Government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**I.   FACTS**

A Grand Jury has returned an indictment charging defendant with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count 1); unlawful possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c) (Count 2); and using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count 3). The Government expects the evidence at trial to prove that on September 1, 2006, members of Metropolitan Police Department's ("MPD") Narcotics and Special Investigations Division executed a District of Columbia Superior Court-ordered search warrant at 857 21st Street, N.E., Apt. #1, Washington, D.C., defendant's residence. At approximately 8:44 a.m., MPD Officer Allen loudly knocked on the door. A female voice from

within the residence said, "Who is it?" MPD Sgt. Sloan replied, "Police, we have a search warrant. I need you to open the door, now!" Sgt. Sloan then knocked again. After waiting for approximately ten (10) seconds and not receiving any response at the door nor hearing any movement inside suggesting that someone was approaching to answer the door, MPD members used a one-person battering ram to breach the apartment door and make entry into the apartment. Once they were inside the apartment, officers found three people inside, including defendant's wife, Veronica Miller, who was located in the bedroom area of the apartment, and two other individuals, neither whom lived there. A search of the apartment by officers located, in the dining room inside the bottom drawer of a clear, two-drawer storage container, 118 small ziplocks of heroin; a large ziplock bag containing a smaller bag with approximately 22 grams of heroin, six additional small blue ziplocks of heroin, and numerous razor blades and a digital scale; drug packaging material consisting of numerous empty small ziplocks that matched the 118 ziplocks that contained heroin, and rubber bands; and various personal effects belonging to defendant, including a photo identification bearing defendant's picture and three envelopes addressed to defendant that contained personal papers also addressed to defendant. In addition, officers located a man's wallet and several additional personal papers addressed to defendant on top of a table located in the dining room, and additional numerous empty ziplocks in a brown paper bag on top of the storage container.

    Further, inside the only bedroom in the apartment, police officers located, underneath some clothes inside a laundry basket sitting on the floor next to the bed, a .38 caliber Derringer handgun loaded with two rounds of .38 ammunition; an additional three rounds of .38 caliber ammunition inside a dresser drawer; a spent bullet in plain view on top of the dresser; $5,000

U.S. currency inside a sock in a small drawer in a nightstand on the right side of the bed; and a paycheck bearing defendant's name on a shelf next to the bed. Police also located, inside a kitchen cabinet, a bottle of quinine.

Defendant was not present during the execution of the search warrant. However, while police were searching the apartment, he apparently called his wife several times. Shortly after defendant spoke with his wife over the telephone, defendant arrived outside the apartment and was arrested by police. Subsequent to his arrest, defendant provided incriminating statements to police.

## II.    ARGUMENT

Defendant has moved to suppress the physical evidence seized from his apartment pursuant to a lawful search warrant executed at his apartment on September 1, 2006. Defendant seeks to exclude this evidence on the sole ground that the warrant was "improperly executed." Defendant's Mot., at 1-4. Specifically, defendant claims that officers violated the so-called "knock-and-announce" rule under Fourth Amendment and federal statutory law, by forcibly entering defendant's apartment to execute the warrant, even though there was "no constructive refusal to admit the police officers because the occupants had no opportunity to either admit the police or refuse to admit them." Defendant's Mot., at 3. Defendant's motion has no basis in the law or the facts, and therefore is without merit. Here, the evidence is clearly shows that the officers waited a reasonable amount of time under the circumstances. In addition, as a threshold matter, neither the Fourth Amendment nor 18 U.S.C. § 3109 require the exclusion of evidence pursuant to the execution of a search warrant for an alleged violation of the knock-and-announce rule. Thus, even if defendant's allegations here were true, his motion to suppress evidence must

necessarily be denied.

### A. Police Fully Complied With The Knock-And-Announce Requirements of the Fourth Amendment and 18 U.S.C. § 3109

As established above, defendant argues that police violated the knock-and-announce rule when they executed a search warrant at his residence. Defendant's Mot., at 1-4. Defendant claims, that "there was no constructive refusal to admit the police officers because the occupants had no opportunity to either admit the police or refuse to admit them." *Id.* at 3. Defendant therefore seems to suggest either that officers failed to knock on the door and announce their presence and purpose, or that they waited an insufficient amount of time before entering. Defendant's argument is belied by the evidence in this case.

Contrary to defendant's allegations, the officers acted reasonably in knocking and announcing their presence, then forcibly entering the residence after waiting a reasonable period of time. It is well settled that an officer may forcibly enter a house in order to execute a search warrant "if, after notice of his authority and purpose, he is refused admittance." *Spriggs v. United States*, 996 F.2d 320, 322 (D.C. Cir. 1993) (quoting, *United States v. Bonner*, 874 F.2d 822, 924 (D.C. Cir. 1989)), *cert. denied*, 510 U.S. 938 (1993).

In *Bonner*, 874 F.2d at 824, the District of Columbia Circuit Court of Appeals stated that *"*the phrase 'refused admittance' is not limited to an affirmative refusal . . . but encompasses circumstances that constitute constructive or reasonably inferred refusal") (quoting *Masiello v. United States*, 371 F.2d 121 (D.C. Cir. 1963)) (internal quotation marks omitted). "[C]ourts employ a highly contextual analysis, examining all the circumstances of the case, to determine whether the record establishes the existence of a constructive refusal." *Id.* Thus, "[t]he time that

section 3109 requires officers to wait before they may construe no response as a denial of admittance depends largely on factual determinations made by the trial court." *United States v. Davis*, 617 F.2d 677, 695 (1979).

      The facts here support the conclusion that the officers had been refused admittance when they forcibly entered. At approximately 8:44 a.m., the officers approached the premises and banged on the door, heard a response from within, then, after announcing their presence and purpose, knocked a second time. Officers then waited approximately 10 seconds, and when there was no further response from inside, they forced entry. The silence after someone had already responded to the officers' knock suggested that the occupants were deliberately ignoring the police. *See United States v. Wood*, 879 F.2d 927, 933 (D.C. Cir. 1989) (silence inside house, despite commotion generated by knocking, announcing, and barking of dogs "evidenced either that no one was present to admit the agents or that someone was present and was failing or refusing to do so"); *see also Jackson v. United States*, 354 F.2d 980, 982 (1st Cir. 1965) ("[T]en seconds of silence in this case could mean that the occupant had not even started [toward the door], and hence was not going to."), cited in *Bonner*, 874 F.2d at 825. Because the facts and circumstances here support the conclusion that police were refused admittance, their decision to forcibly enter the apartment was a reasonable one, and defendant's claim that officers did not comply with the strictures of the Fourth Amendment or the requirements under 18 U.S.C. § 3109 is without merit.[1]

---

[1] Although defendant's motion does not expressly state it in his motion, the Government assumes here that the "statutory mandate" he refers to is 18 U.S.C. § 3109. This section states the following:

> The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused

### B.   *Hudson* and Its Progeny Preclude the Exclusion of Evidence Even When The Knock-And-Announce Rule Is Violated.

In *Hudson v. Michigan*, 126 S.Ct. 2159, 2163-65 (2006), the Supreme Court held that a violation of the knock-and-announce rule under the Fourth Amendment precluded the suppression of evidence found in the execution of a search warrant, since the interests violated there had nothing to do with the seizure of evidence. In *Hudson*, Detroit police executing a search warrant for narcotics and weapons admittedly entered the defendant's home in violation of the knock-and-announce rule. Thus, the sole issue before the Court was whether the Fourth Amendment exclusionary rule was appropriate for a violation of the knock-and-announce requirement. *Id.* at 2163. In determining that the exclusion of evidence was not an appropriate remedy in such circumstances, the Court reasoned that:

> [u]ntil a valid warrant has issued, citizens are entitled to shield their persons, houses, papers , and effects, from the government's scrutiny. Exclusion of the evidence obtained by a warrantless search vindicates that entitlement. The interests protected by the knock-and-announce requirement are quite different and do not including the shielding of potential evidence from the government's eyes.
>
> One of those interests is the protection of human life and limb, because an unannounced entry may provoke violence in supposed self-defense by the surprised resident. Another interest is the protection of property. . . . The knock-and-announce rule gives individuals the opportunity to comply with the law and to avoid the destruction of property occasioned by a forcible entry. And thirdly, the knock-and-announce rule protects those elements of privacy and dignity that can be destroyed by a sudden entrance. It gives residents the opportunity to prepare themselves for the entry of the police.

---

> admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

18 U.S.C. § 3109.

\* \* \*

> What the knock-and-announce rule never protected, however, is one's interest in preventing the government from seeing or taking evidence described in a warrant. Since the interests that were violated in this case have nothing to do with the seizure of the evidence, the exclusionary rule is inapplicable.

*Id.* at 2165. (Citations and internal quotation marks omitted; emphasis omitted).

Thus, *Hudson* makes clear that the exclusion of evidence is not an appropriate remedy a violation of the knock-and-announce rule. Consequently, defendant's motion to suppress evidence on Fourth Amendment grounds is without merit and therefore must be denied.

Defendant's motion further asserts that police failed to "comply with the statutory mandate" to knock and announce their purpose prior to entering his residence with the warrant. Defendant's Mot., at 4. Very recently, however, the District of Columbia Circuit Court of Appeals extended the Supreme Court's holding in *Hudson* to 18 U.S.C. § 3109, explaining that

> § 3109 and the Fourth Amendment have merged both in the standards governing entries into the home and I the remedy for violations of those standards. There is now one uniform knock-and-announce rule. . . . Not only is *Hudson* the Court's most recent pronouncement about whether evidence should be excluded as a remedy for knock-and-announce violations, but it is also the Supreme Court's only thorough analysis of the issue. . . . We therefore hold that even if the entry here violated § 3109, a question we do not decide, [the defendant] was not entitled to suppression of the evidence seized during the search.

*Southerland*, 466 F.3d at 1085-86.

In the instant case, *Southerland* clearly warrants that defendant's motion to suppress evidence under statutory law should be denied. Further, because Hudson dictates that defendant's motion must also fail on Fourth Amendment grounds, this Court should deny his motion to suppress physical evidence in this case.

WHEREFORE, for the reasons stated above, the United States respectfully submits that defendant's Motion to Suppress Tangible Evidence is, in all things, lacking in merit and therefore should be denied.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney
        Bar No. 498610


By:    "/s/"
        Donnell W. Turner
        Assistant United States Attorney
        Major Crimes Section, Maryland Bar
        555 4th Street, N.W.  # 4235
        Washington, DC 20004
        Tel. (202) 305-1419
        Fax: (202) 514-6010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal No. 06-289 (RMC) |
| ) | |
| **CARLOS MILLER** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

Upon consideration of Defendant Carlos Miller's Motion to Suppress Tangible Evidence, the Government's Opposition to said Motion, and the entire record herein, the Court is of the opinion and finds that Defendant's Motion is without merit and should be denied.  It is therefore, this ____ day of _____, 200__,

**ORDERED** that the Court's ruling regarding Defendant Carlos Miller's Motion To Suppress Physical Evidence be, and hereby is, **DENIED**.

_____
ROSEMARY M. COLLYER
United States District Court Judge

Copies to:

AUSA Donnell W. Turner
Federal Major Crimes
555 Fourth St., N.W.
Room 4235
Washington, D.C.  20530

Douglas J. Wood, Esquire
6801 Kenilworth Ave., Suite 202
Riverdale, MD 20727