IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | |
| V. : | Cr. 06-289 (RMC) |
| : | |
| CARLOS MILLER : | |

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
TO ADMIT OTHER CRIMES EVIDENCE

Carlos Miller, through undersigned counsel, submits the following opposition to the government's motion to admit evidence of the prior bad acts of Mr. Miller described in the government's motion as: "possession of cocaine on January 21, 1994," and "distribution of heroin on three occasions in 1997, relating to case number 1997FEL2881."

FACTUAL BACKGROUND

Police reports completed in the instant case reveal the following: At about 8:44 a.m. on September 1, 2006, Metropolitan Police Department officers executed a search warrant at 857 21st Street NE, Apt. #1, Washington D.C.  Upon searching the apartment, police located 120 small plastic bags of heroin, a plastic bag containing 22 grams of heroin, razor blades, empty plastic bags, rubber bands,  a digital scale from inside a storage container in the dining room.  Also from inside the same storage container, the police allegedly recovered a photo identification and mail matter belonging to the defendant.  The police allegedly recovered a Derringer pistol and ammunition in a laundry basket in the bedroom, $5,000.00 of United States currency in the drawer of a bedside table, and a bottle of quinine in the kitchen.  The defendant allegedly provided a written statement stating that "anything illegal" inside the apartment belonged to him.

In order to help the government prove that in this case Mr. Miller knowingly and

intentionally possessed the firearm and heroin, the government asserts a need for evidence that in the past, Mr. Miller possessed cocaine, and on three separate occasions distributed heroin.

ARGUMENT

Evidence of the alleged other crimes is not relevant. The government's 6 page motion for admission of the other crimes evidence only makes bald assertions with regard to the relevance of the other crimes evidence to prove the conduct charged in this case. The government's motions states that the other crimes evidence is probative of the defendant's knowing and intentional possession of the items recovered and the defendant's intent to distribute the items. The government asserts the evidence is also probative in showing that the defendant's possession of the items was not the result of mistake or accident. Gov's Motion at 7-8.

Thus, the government makes only boilerplate claims of relevance to prove the exceptions recognized by law. For that reason, the Court should deny the government's motion since it has not made factual allegations which, if established, would warrant the requested relief. *C.f., e.g., United States v. Lewis,* 40 F.3d 1325, 1332 (1st Cir. 1994); *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983); *United States v. Migely*, 596 F.d 511, 513 (1st Cir.)*, cert. denied*, 442 U.S. 943 (1979)("The defendant must allege facts, sufficiently definite, specific, detailed, and non-conjectural, to enable the court to conclude that a substantial claim is presented.").

The government should be held to the same standard to which a defendant seeking an evidentiary hearing is held. In order to be entitled to admission of the evidence or even a hearing on the admissibility of the evidence, the government should be required to allege facts that indicate with reasonable specificity, precisely the issue which admission of the evidence would

2

be relevant to prove.

The government has advanced no specific argument with regard to the precise issue to which the other crimes evidence is relevant to prove. Instead, the government's motion contains only broad allegations that the other crimes evidence is admissible and that the standard is in favor of admissibility. Therefore, no hearing is required and the Court need not admit the evidence because the government has not advanced any particular argument that would enable this Court to conclude that a substantial claim is presented.

Moreover, the other crimes evidence is not admissible to prove absence of mistake. The government asserts that the defendant's past conviction for distribution of heroin is probative to show that the defendant knew what heroin looks like and that he possessed the drugs with the intention of distributing them.

Mr. Miller will not contend that he possessed the drugs in this case accidentally or inadvertently. Counsel would agree to stipulate to that, and a proposed stipulation is attached for the Court's review. Such a stipulation would seemingly negate the government's stated concern. *See, e.g., United States v. Manner,* 887 F.3d 317, 322 n.2 (D.C. Cir. 1989)(offer of unequivocal stipulation may remove issue from case and provide alternative to introduction of other crimes evidence).

With regard to proof of identity, *i.e.,* that it was Mr. Miller and not someone else, who placed the gun and drugs in the apartment, evidence of Mr. Miller's prior bad acts is sheer propensity evidence on this point. Mr. Miller's alleged possession of cocaine and distribution of heroin on the above described occasions, all prove nothing with respect to his knowing and intentional possession of the heroin in the instant case.

The only inference that evidence of the prior instances would assist the jury in making is the inference prohibited by Rule 404(b) -- that because Mr. Miller previously has possessed and/or distributed cocaine and heroin, he possessed the heroin with which he is charged in this case.

Whatever menial relevance the government might persuade the court exists, is surely outweighed by the prejudice to Mr. Miller of having the jury know that on several prior occasions, he possessed and/or cocaine and heroin. *See* Federal Rule of Evidence 403.

## CONCLUSION

For the foregoing reasons, and reasons advanced at any hearing on this motion, the Court should deny the government's motion to admit evidence of Mr. Miller's prior bad acts.

          Respectfully submitted,


          _____
          Douglas Wood
          Roberts & Wood
          6801 Kenilworth Avenue, Suite 202
          Riverdale, Maryland  20737
          (301) 699-0764

          Counsel for Carlos Miller


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant's Opposition has been sent by fax and by mail this _____ day of January, 2007, to:

          AUSA Donnell Turner
          Office of the United States Attorney
          USDC Trial Division
          555 4th Street, N.W.
          Washington, D.C.  20530

          Joanne D. Slaight
          717 5th Street, NW
          Washington, D.C. 20001


          _____
          Douglas Wood

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| V. | : | Cr. 06-289 (RMC) |
| | : | |
| CARLOS MILLER | : | |

DEFENDANT'S PROPOSED STIPULATIONS
WITH REGARD TO THE GOVERNMENT'S PROPOSED RULE 404(b) EVIDENCE

**I.     KNOWLEDGE / INTENT STIPULATION**

The parties agree, or stipulate, that Carlos Miller did not accidentally, mistakenly, or inadvertently possess heroin on September 1, 2006. As a result of this stipulation, you must accept as undisputed fact, that Mr. Miller did not accidentally, inadvertently, or mistakenly possess heroin on that date.

Therefore, if you find that the government has proven beyond a reasonable doubt that Carlos Miller possessed heroin on September 1, 2006, then you must also find that Mr. Miller knowingly possessed the heroin. If you find that the government has proven beyond a reasonable doubt that Mr. Miller possessed heroin on September 1, 2006, then you may not find that Mr. Miller mistakenly, accidentally, or inadvertently possessed the heroin.

In other words, you may not find Mr. Miller not guilty of any drug offense because you believe that he possessed any drugs mistakenly, accidentally, or inadvertently.

By agreement of the defense, the Government need not prove either knowing or intentional possession of any heroin. Your job is thus limited to the possession element of the crime. Therefore, in order to meet its burden of proof, the Government must prove

beyond a reasonable doubt only one element of the crime, that Carlos Miller was in possession of the heroin with the intent to distribute it on September 1, 2006.

## CONCLUSION

WHEREBY, the defendant contends that the above stipulations and proposed jury instructions render the government's proposed 404(b) evidence more prejudicial than probative. The defendant opposes the government's motion to exclude the evidence set forth in the government's notice of intent to seek admission Rule 404(b) evidence.

    Respectfully Submitted,

_____
Douglas Wood
Roberts & Wood
6801 Kenilworth Avenue, Suite 202
Riverdale, MD 20737
(301) 699-0764