UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :
                               :   Criminal No. 06-289 (RMC)
v.                             :
                               :
CARLOS MILLER                  :       **FILED**
                               :
                               :       MAR 2 3 2007
Defendant,                     :
                                       NANCY MAYER WHITTINGTON, CLERK
                                              U.S. DISTRICT COURT

### STATEMENT OF THE OFFENSE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and defendant Carlos Miller, respectfully submit this statement of the offense, which the United States would have been prepared to prove beyond a reasonable doubt had this matter gone to trial.

On September 1, 2006, at approximately 8:44 a.m., members of Metropolitan Police Department's Narcotics and Special Investigations Division executed a District of Columbia Superior Court-ordered search warrant at 857 21st Street, N.E., Apt. #1, Washington, D.C. After securing all persons found inside the apartment, including Veronica Miller, the lessee of the apartment and wife of defendant CARLOS MILLER, and two other individuals, police began searching the residence. Located in the dining room, inside the bottom drawer of a clear, two-drawer storage container, were 118 small ziplock bags of a white powder substance, suspected believed to be heroin. Also found in the same drawer was a larger ziplock bag containing approximately 22 grams of suspected heroin, six small blue ziplocks of suspected heroin, numerous razor blades, and a digital scale. Recovered from the same storage container were numerous empty small ziplocks, which matched those containing suspected heroin, rubber bands, a photo identification of defendant, and mail matter and other personal papers addressed to defendant. Finally, on top of the storage

container police located a brown paper bag containing numerous additional small empty ziplocks, also which matched the ziplocks in which the suspected heroin was packaged.

Further, in the only bedroom in the apartment, police officers located the following: inside a laundry basket underneath a pile of clothing on the floor next to the bed, a .38 caliber Derringer handgun loaded with 2 rounds of .38 ammunition; inside a dresser drawer, an additional two rounds of .38 caliber ammunition; on top of the dresser, a spent bullet; and, on the right side of the bed inside a small drawer, a sock containing $5,000. Police also located, inside a kitchen cabinet, a bottle of quinine.

The defendant was not present during the execution of the search warrant. However, while police were searching the apartment, defendant and his wife, Veronica Miller, spoke by phone several times. During the last call, Veronica Miller told defendant that the police were there and that she was in handcuffs. Within several minutes, defendant arrived at the apartment, and police stopped him outside and advised him that he was under arrest for possession of the drugs and the gun that police found in the apartment. The defendant initially stated that anything "illegal" that police found inside the apartment was his and that his wife did not know anything about it. Afterwards, the defendant, after being advised in writing of his Miranda rights and waiving them, provided a written statement to police in which he reiterated his oral statement to police: "I Carlos Miller, whatever the police found in my house 857 21 St. N.E. # 1 that was illegal can be charged to me, my wife knows nothing about anything illegal."

On or about September 20, 2006, DEA forensic chemist Chris Rickard performed a chemical analysis of the suspected drugs found in defendant's apartment on September 1, 2006. Richard's examination confirmed that the 118 small ziplocks contained a total of 16.2 grams of heroin, and that

the larger ziplock bag, along with the six small blue ziplocks, contained 23.2 grams of heroin, for a total amount of 39.4 grams. Further, an examination of the .38 caliber Derringer gun found in defendant's bedroom was determined to be fully functional. Finally, the totality of the evidence, including the amount and manner of packaging of the heroin; the drug paraphernalia found in the apartment, including the scale, numerous empty ziplocks, rubber bands, and quinine; and the money all demonstrate that defendant knowingly and intentionally possessed the aforementioned heroin on September 1, 2006, with the specific intent to distribute it to others.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By: _____
Donnell W. Turner
Assistant United States Attorney
Maryland Bar
United States Attorney's Office
555 Fourth Street, N.W., Room 4235
Washington, D.C. 20530
(202) 305-1419

## DEFENDANT'S ACKNOWLEDGMENT

I have read this three-page factual proffer and have discussed it with my attorney, Douglas Wood, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 3-23-07

_Carlos Miller_
Carlos Miller
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 3/23/07

Douglas Wood, Esq.
Attorney for Defendant