UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :

                            :

vs.                         :   CR-06-289-01

                            :

CARLOS MILLER              :


CORRECTED MEMORANDUM IN AID OF SENTENCING

The defendant submits this memorandum in aid of sentencing now scheduled for June 1, 2007. Previously counsel had calculated the guidelines at 51 to 63 months but after review counsel believes that the defendant's guideline range should be 46 to 57 months. The defendant states the following:

1. The defendant and counsel have reviewed the presentence investigation and submits that categorizing the defendant as a career criminal is based upon an overstatement of his prior criminal record.

2. The defendant is considered a career criminal for guideline calculations based upon a Robbery conviction in F-1425-81. That conviction occurred 26 years ago when the defendant was 27 years old. Counsel has attempted to locate the

criminal file in that case to determine the particular facts of that case but has been unable to do so. There is no indication that anyone was hurt in that case and counsel believes that the seriousness of that offense, for purposes of calculating the guidelines, is diminished by the age of the conviction.

The other conviction that is counted for purposes of calling the defendant a career criminal is F-2881-97, a conviction for the distribution of heroin. In that case the defendant sold $80.00 worth of heroin to an undercover police officer. For that offense the defendant was sentenced to two to six years in jail.

Counsel believes that Mr. Miller should not be considered a career criminal based on these two convictions. One conviction occurred 26 years ago and the other conviction dealt with a very small amount of heroin that was sold to an undercover police officer who solicited the defendant. If the defendant is not considered a career offender he has a criminal history of VI based on the ten points given by the presentence report writer. If he is not a career offender his adjusted offense level would be 17, based on an adjusted offense level of 20 and then minus 3 levels for acceptance of responsibility. With an offense level of 17 and a criminal history of VI, Mr. Miller's guideline range is 46 to 57 months.

Counsel and the defendant submit that a range of 46 to 57 months allows the Court to impose a sentence that complies with 18 U.S.C. 3553 (a). A sentence

within that range reflects that he has committed a serious offense, would deter others, protects the public and allows the defendant the opportunity to receive the rehabilitative treatment he needs.

A range of 46 to 57 months is also a reasonable sentence given that if the defendant's case was prosecuted in the Superior Court of the District of Columbia, for the offense of Possession with the Intent to Distribute Heroin, his range of sentencing would be 28 months plus. That range is arrived at by counting more of his prior convictions than are counted under the Federal Sentencing Guidelines. It defies rational explanation to justify how the defendant can be prosecuted in Federal Court, called a career offender and deserve a sentence of 151 to 188 months, and yet if he is prosecuted two blocks away in the Superior Court for the same offense he is exposed to a sentence of 28 plus months.

4. Unfortunately, Mr. Miller at a very early age became associated with the use of drugs. Starting with his father, who died of a drug overdose and used drugs with his son, Mr. Miller has fallen into a pattern of using and abusing drugs. Mr. Miller candidly believes that he has wasted much of his life and for that he is certainly responsible. However, Mr. Miller is receptive to change and he is willing to keep at the process of overcoming his drug addiction. If his drug usage rises to the level of a disease it is inappropriate to incarcerate him for the time suggested

by the career criminal guidelines. Counsel submits that a sentence within the range of 53 to 61 months offers a more balanced approach to meeting the needs of the community and the needs of Mr. Miller. Counsel respectfully suggests that a sentence within the range of 46 to 57 months is appropriate.

                              Respectfully submitted,

                              Respectfully submitted,
                              **ROBERTS & WOOD**

                              BY: _____/s/_____
                              Douglas J. Wood
                              Counsel for Defendant
                              6801 Kenilworth Avenue
                              Suite 202
                              Riverdale, Maryland 20737.
                              (301) 699-0764

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY THAT a copy of the foregoing Memorandum was mailed postage prepaid, on May 26, 2007, to:

                     Donnell Turner
                  555 4th Street, N.W.
                     Room 4235
                Washington, D.C. - 20530

_____/s/_____
Douglas J. Wood