UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :

                                                                    :

vs.                                                   :    CR-06-289-01

                                               :

CARLOS MILLER                       :

DEFENDANT'S RESPONSE TO GOVERNMENT'S MEMORANDUM
IN AID OF SENTENCING

    The defendant submits the following reply to the government's memorandum in aid of sentencing:

    1. The government contends that any sentence, other than one arrived at by labeling the defendant a career criminal, is unreasonable under 18 U.S.C. 3554. The government contends that a sentence within the range suggested by the defendant would "unreasonably thwart" the overriding concern with uniformity and the prevention of unfair disparities for similarly situated defendants. What the government ignores is that, for some unknown reason, the government chose to prosecute the defendant's case in Federal Court as opposed to Superior Court.

The defendant was not involved in some complex drug conspiracy that was uncovered as result of a gargantuan effort by law enforcement officials. The defendant was never alleged to have worked with others to distribute drugs or believed to be part of a long running drug ring. The defendant is not someone who even had enough drugs to rise to the level of a mandatory sentence based on the weight of the seized drugs. The defendant was simply a lone individual with a long history of drug abuse who made a tragic mistake in involving himself with this crime. By arbitrarily choosing to prosecute this case in Federal Court, as opposed to Superior Court, where this offense would warrant a routine drug prosecution, the government created a disparity in the sentence that the defendant is exposed to for no apparent reason. Similarly situated defendants, who are prosecuted in Superior Court, are routinely given sentences that are even below the guideline range as suggested by this defendant. If the purpose of a Federal Guideline Sentencing regime is to promote uniformity in sentencing , how is that purpose accomplished by the decision of the office of this United States Attorney's office, to today prosecute a defendant like Mr. Miller in Federal Court and tomorrow prosecute a case like Mr. Miller's in Superior Court. This decision is even more irrational when it is understood that most people like Mr. Miller, with these types of cases, are almost always prosecuted in Superior Court and not in

Federal Court.

2. The defendant submits that one of the primary considerations of 18 U.S.C. 3553 (a) is that a sentence that is imposed be sufficient but not greater than necessary. The defendant suggests that a sentence that is in the range of 46 to 57 months is sufficient. The defendant has been saddled with a chronic drug problem for all of his adult life. His father overdosed on drugs as did his brother. His prior conviction in 1996, which caused him to qualify as a career offender, related to his sale of $80.00 worth of heroin to an undercover police officer that solicited that sale. A very poor choice on the part of this defendant, but not the conduct of someone whom the public normally imagines as a big time drug dealer.

3. Finally, the government cannot point to any rational reason why a 53 year old man like the defendant deserves 151 months in jail rather than 141 months, 41 months, 21 months, etc. The government justifies its request by ultimately claiming that since the guideline grid puts the defendant in a certain box a 151 month sentence is justified. The government overlooks the fact that the guidelines are advisory and this Court has the authority to now impose a reasonable sentence as opposed to a draconian sentence.

## CONCLUSION

The defendant respectfully requests that this Court impose a sentence within

the range of 47 to 53 months.

Respectfully submitted,

Respectfully submitted,
**ROBERTS & WOOD**

BY: _____/s/_____
Douglas J. Wood
Counsel for Defendant
6801 Kenilworth Avenue
Suite 202
Riverdale, Maryland  20737.
(301) 699-0764

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing Memorandum was mailed postage prepaid, on May 31, 2007, to:

Donnell Turner
555 4th Street, N.W.
Room 4235
Washington, D.C. - 20530

_____/s/_____
Douglas J. Wood