UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.  )<br>)<br>CARLOS MILLER, )<br>)<br>Defendant. )<br>) | Criminal Action No. 06-289 (RMC)<br><br>FILED<br>JUN 2 0 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### SENTENCING MEMORANDUM

Carlos Miller pled guilty to Unlawful Possession with Intent to Distribute Heroin and appeared before this Court for sentencing on June 1, 2007. The initial question presented was whether Mr. Miller was properly categorized as a career criminal.[1] If so, Defendant argued for a sentence that varied from the United States Sentencing Guidelines. The Court found that Mr. Miller was a career criminal within the calculations of the Guidelines. It varied from the Guidelines, however, and sentenced him to 108 months incarceration, rather than 151 months. This memorandum explains the Court's reasoning.

The Base Offense Level, involving 39.4 grams of heroin hydrochloride, was 18. *See* Presentence Report ("PSR") at 5 (applying United States Sentencing Guidelines ("USSG") §§ 2D1.1(a)(3) and (c)(11)). A 38-caliber derringer pistol was located in Mr. Miller's apartment pursuant to a search warrant; this increased the offense level by 2. *Id.* at 4, 5 (applying USSG §

---

[1] Under USSG § 4B1.1(a), "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

2D1.1(b)(1)). Under the provisions found in USSG § 4B1.1, the adjusted offense level was 32. *Id.* at 6. With a 3 level adjustment for acceptance of responsibility, the total offense level under the Guidelines was 29. *Id.* Mr. Miller's criminal history included a January 28, 1981 Attempted Robbery for which he was sentenced to 10-to-30 years, worth 3 points; a December 16, 1996 Driving While Intoxicated, worth 2 points; and an April 4, 1997 Distribution of Heroin, worth 3 points. *See* PSR at 6-9. This resulted in a subtotal criminal history score of 8. *Id.* at 9. At the time of the instant offense, the defendant was under a criminal justice sentence for his 1982 sentence related to the Attempted Robbery; therefore, 2 more points were added, resulting in 10 criminal history points and establishing a criminal history category of V. *Id.* at 9-10. According to USSG § 4B1.1, the criminal history category must be Category VI. *See* USSG § 4B1.1 ("A career offender's criminal history category in every case under this subsection shall be Category VI.")

The prior crimes on which Mr. Miller's status as a career criminal was based were the 1981 Attempted Robbery and the 1997 Distribution of Heroin. The Court had true copies of the Judgment and Conviction from D.C. Superior Court for each case. *Shepard v. United States*, 544 U.S.13, 16 (2005). The Court found that these were qualifying crimes because the Defendant was at least 18 years old at the time he committed the instant offense, which is a felony for a controlled substance offense, and he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* USSG § 4B1.1. Accordingly, his Guideline sentence would be in the range of 151 to 188 months.[2]

Mr. Miller's counsel argued that the disparity in sentencing between the D.C.

---

[2] Based on a total offense level of 29 and a criminal history category of VI, the guideline range for imprisonment is 151 to 188 months. *See* USSG Chapter 5, Part A.

Superior Court, where Mr. Miller would apparently be sentenced to approximately 28 months, and the District Court, where he is facing 151 months, is sufficiently severe that this Court should exercise its discretion and sentence Mr. Miller without regard to the career criminal provisions of the Guidelines. See Def.'s Corrected Memo. in Aid of Sentencing at 3 [Dkt. #21]. He urged a sentence of 46-57 months, which results from a total offense level of 17 and a criminal history category V. See Id. The United States requested a sentence of 151 months.

The actual sentence imposed on Mr. Miller, 108 months, varied from the Guideline sentence. The Court determined that the offense was very serious, suggesting a sentence greater than that urged by defense counsel, as did the need to promote respect for law, protect the public and afford adequate deterrence.[3] A sentence must be "sufficient but not greater than necessary" to accomplish these sentencing goals. See 18 U.S.C. § 3553(a). It also must "provide just punishment for the offense." Id. With these directives in mind, the Court rejected counsel's argument that it ignore Mr. Miller's past offenses, but it also concluded that it was unnecessary to sentence the 53-year-old Defendant to 12 and one-half years in jail to achieve the goals of sentencing. While Mr. Miller's drug addiction has led him to various parole violations over the years and kept his 1982 Attempted Robbery conviction a live issue, the Court nonetheless noted that the conviction – critical to finding him a career criminal[4] – was 25 years old. The passage of time since this offense reduced

---

[3] The goal of providing the Defendant with needed treatment for his drug addiction under 18 U.S.C. § 3553(a) did not affect the analysis.

[4] In the Addendum to the Presentence Report, the Probation Office suggested that Mr. Miller had four qualifying convictions: Intent to Commit Robbery (¶ 31), Assault With a Dangerous Weapon (¶ 32), Attempted Robbery (¶ 33), and Distribution of Heroin (¶ 37). The first two, however, did not result in points toward Mr. Miller's criminal history category. They cannot, therefore, qualify as prior convictions to support a finding that Mr. Miller is a career criminal. In addition, the Court had no judicial paperwork on these two convictions and could

its weight in the Court's analysis. A "just punishment" was, therefore, set at 108 months.

*[signature]*
_____
ROSEMARY M. COLLYER
United States District Judge

DATE: June 20, 2007

---

not properly rely on the Presentence Report alone. *Shepard v. United States*, 544 U.S. at 16 (holding that a sentencing court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.") The Court finds that a Superior Court Judgment and Conviction constitutes "a comparable judicial record of this information." *United States v. Battle*, 168 Fed. Appx. 402 (11th Cir. 2006).